```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

CATHERINE P. ALFORD, ET AL.                CIVIL ACTION

VERSUS                                     NO: 13-5457

CHEVRON U.S.A. INC., ET AL.                SECTION: R

**ORDER AND REASONS**

Plaintiffs move to remand this matter to state court,[1] and defendant Chevron U.S.A., Inc. moves to amend its Notice of Removal.[2] For the following reasons, the Court GRANTS plaintiffs' motion, DENIES Chevron's motion, and remands this case to state court.

**I.   BACKGROUND**

Plaintiffs filed this lawsuit on May 2, 2013, in the 25th Judicial District Court for the Parish of Plaquemines.[3] Plaintiffs then filed two supplemental amending petitions, one on May 3, 2013,[4] and one on July 30, 2013.[5] Plaintiffs served all of the defendants during the period between August 6, 2013, and

---

[1]   R. Doc. 33.

[2]   R. Doc. 82.

[3]   R. Doc. 1-2 at 5.

[4]   R. Doc. 1-2 at 2.

[5]   R. Doc. 1-3 at 129.

August 12, 2013.[6] On August 16, 2013, Chevron timely removed the action to this Court.[7] Chevron's Notice of Removal states that the Court has diversity jurisdiction over this lawsuit because the parties are completely diverse and the amount in controversy exceeds $75,000.[8]

Chevron stated in the Notice of Removal that plaintiffs had failed to serve defendants Laurent Oil & Gas, L.L.C., and Malloy Energy Company, L.L.C. as of the time of removal.[9] In fact, plaintiffs served Laurent on August 6, 2013,[10] and Malloy on August 12, 2013.[11] Chevron attached to the Notice of Removal the written statements of consent to removal of the other four parties in the lawsuit,[12] but it did not allege that it had obtained the consent of Laurent or Malloy to remove.

On September 12, 2013, plaintiffs filed this motion to remand, arguing that Chevron's Notice of Removal is defective because Laurent and Malloy did not consent in writing to the

---

[6]   R. Docs. 33-2, 33-3, 33-4, 33-5.

[7]   R. Doc. 1.

[8]   *Id.* at 4-5.

[9]   *Id.* at 5.

[10]  *See* R. Doc. 33-2.

[11]  *See* R. Doc. 33-5 at 6.

[12]  R. Doc. 1-5. The other four defendants are Noble Energy, L.L.C., Goodrich Petroleum Company, L.L.C., Hilcorp Energy I, L.P., and Shell Oil Company.

removal. Defendants respond that they were not required to obtain the consent of Laurent and Malloy because those defendants were improperly joined. Defendants also contend that, even if Laurent and Malloy were properly joined, the "exceptional circumstances" of this case obviated the need for their consent to remove. Additionally, defendant Noble argues that remand is unwarranted because, in addition to being improperly joined, Malloy was improperly served under the Louisiana Long-Arm Statute. Chevron seeks to amend the Notice of Removal to specify the reason for not obtaining consent from Laurent and Malloy.

Plaintiffs reply that Chevron's failure to explain why Laurent and Malloy did not consent to removal rendered the Notice of Removal procedurally defective, and that Chevron cannot now cure that defect through amendment because the thirty-day deadline set forth by 28 U.S.C. § 1446(b) has passed. Plaintiffs also argue that they served both Laurent and Malloy properly and that there are no "exceptional circumstances" justifying a departure from the usual rule that all of the defendants must consent to removal.

At oral argument, plaintiffs' counsel conceded that plaintiffs sued Laurent by mistake and that Laurent is not a proper party to this case. Accordingly, the Court will limit its analysis to whether Chevron's failure to obtain Malloy's consent rendered the Notice of Removal defective.

**II.   LEGAL STANDARDS**

**A.   General Principles of Removal**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the lawsuit. *See* 28 U.S.C. § 1441(a). A district court has original jurisdiction in cases in which the amount in controversy exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332. Removal of a case is timely if the notice of removal is filed within thirty days of service of the initial pleading on the defendant. 28 U.S.C. § 1446(b). (If the case is not initially removable but later developments render it so, removal is timely if the notice of removal is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*) The thirty-day limit is not jurisdictional. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). Nevertheless, because removal raises significant federalism concerns, courts construe removal requirements strictly, and "any doubt as to the propriety of removal should be resolved in favor of remand." *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)); *Aucoin v. Gulf S. Pipeline Co.*, No. 04-CV-0284, 2004 WL 1196980, at *1 (E.D. La.

May 26, 2004); *see also* 17 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 107.05 (3d ed. 2013) (explaining that strict construction of the right of removal respects congressional intent, vindicates federalism principles, and "makes good sense" on policy grounds).

**B.     The Rule of Unanimity**

In cases with multiple defendants, the Fifth Circuit traditionally followed the first-served defendant rule, under which all of the defendants had to join in the removal within thirty days of the date of service on the first defendant. *Getty Oil*, 841 F.2d at 1262-63. But, pursuant to a 2011 statutory amendment adopting the last-served rule, section 1446(b) now states that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).[13] In other words, the thirty-day period now extends until thirty days after the *last* defendant is served.

In revising section 1446(b), Congress also codified the "rule of unanimity." *See, e.g.*, *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 848-49 (E.D. Tex. 2012). Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in

---

[13]     The Federal Courts Jurisdiction and Venue Clarification Act took effect on January 6, 2012. Act of Dec. 7, 2011, Pub. L. No. 112-63; 125 Stat. 758.

5

or consent to the removal of the action" to federal court. "This does not mean that each defendant must sign the original petition for removal," but the Fifth Circuit requires "some timely filed written indication from each served defendant . . . that it has actually consented to such action." *Getty Oil*, 841 F.2d at 1262 n.11. Although section 1446(b), as revised by the 2011 amendment, does not explicitly mandate that all defendants consent to removal in writing, the Court finds no indication that the Fifth Circuit's requirement of written consent is inconsistent with or displaced by the statutory change. Indeed, Congress's codification of the unanimity rule signals the importance of ensuring that all of the defendants have consented to removal. *Crowley v. Amica Mut. Ins. Co.*, No. 12-CV-0775, 2012 WL 3901629, at *2 n.11 (E.D. La. Sep. 7, 2012).

Thus, if written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the case must be remanded. *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011); *see also Crowley*, 2012 WL 3901629, at *3 ("[C]ourts applying *Getty Oil* have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended.").

**III. DISCUSSION**

The Court finds that this lawsuit must be remanded to state court because (1) service on Malloy was proper under the Louisiana Long-Arm Statute; (2) Chevron's Notice of Removal was defective because it did not include Malloy's consent or explain why Malloy's consent was unnecessary; (3) Chevron may not now amend the Notice of Removal to cure these defects; and (4) this case does not present exceptional circumstances that obviated the need for Malloy's consent.

**A.   Service On Malloy Was Proper.**

The Court first addresses defendant Noble's contention that Malloy was not properly served because the citation contained an incorrect deadline for Malloy to respond and because the plaintiffs failed to file an affidavit of service before the case was removed.

Plaintiffs served Malloy under the Louisiana Long-Arm Statute, La. Rev. Stat. § 13:3201, *et seq*. The section of that statute entitled "Service of Process" provides in relevant part that "a certified copy of the citation . . . and of the petition . . . shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail . . . when the person is located outside of this state . . . ." La. Rev. Stat. § 13:3204. In compliance with this provision, plaintiff sent the citation via

certified mail to Malloy.[14] Malloy received it on August 12, 2013.[15] The citation states that Malloy was "summoned to comply with the demand contained in the . . . Petitions . . . or make an appearance either by filing a pleading or otherwise . . . within thirty (30) days after service hereof, under the penalty of default."[16] Noble argues that this citation was deficient under the Louisiana Long-Arm Statute because of the following provision:

> No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show case, or other summary proceeding . . . until thirty days after the filing in the record of the affidavit of the individual who . . . [m]ailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant.

La. Rev. Stat. § 13:3205. Noble's contention is apparently that the citation here, rather that identifying the date the affidavit of service was filed as the date triggering the running of the thirty-day period, improperly stated that the service itself triggered the period.

The Court finds this argument unconvincing. Noble has not provided -- and the Court has been unable to find -- authority for the proposition that a citation stating that the defendant

---

[14]   R. Doc. 33-5 at 4-5.

[15]   *Id.* at 6.

[16]   *Id.* at 5.

must respond within thirty days of "service" is deemed void under Louisiana law. The cases Noble cites for the proposition that "[c]itation and service must strictly comply with the law in order to support a valid judgment" all concern situations in which a defendant was never served *at all* and hence could not be the subject of a judgment. *See Merial Ltd. v. Lagraize*, 971 So.2d 403, 405-06 (La. Ct. App. 2007) (finding a service return in the record insufficient to demonstrate that defendant had been served because the return did "not provide the place or method of service," as was required by statute); *Willis v. Nat'l Auto. Ins.*, 926 So.2d 771, 774 (La. Ct. App. 2006) (deeming judgment in consursus proceeding invalid because several ostensible parties to the proceeding were never served); *W&R Farming P'ship v. Old S. Props., Inc.*, 887 So.2d 646, 648-49 (La. Ct. App. 2004) (holding that a party that was not served was not subject to the jurisdiction of the trial court). Here, it is undisputed that Malloy was served. Moreover, no court is seeking to impose a judgment against Malloy. *Merial*, *Willis*, and *W&R Farming* are thus inapposite. The Court holds that the citation served on Malloy was not deficient.

Noble also notes that an affidavit of service was never filed before the case was removed to federal court. It contends that, under section 13:3205, plaintiffs' failure to file such an

affidavit means that service on Malloy was never completed and, accordingly, that Malloy's consent to removal was not required.

Noble is incorrect. "Under the clear wording of § 3204, all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail . . . ." *McFarland v. Dippel*, 756 So.2d 618, 622 (La. Ct. App. 2000). "Service of process so made has the same legal force and validity as personal service on the defendant in this state." La. Rev. Stat. § 13:3204; *accord Spomer v. Aggressor Int'l, Inc.*, 807 So.2d 267, 278 (La. Ct. App. 2001). Thus, once a plaintiff complies with section 13:3204, service is complete, regardless of whether an affidavit of service has been filed in the record. *See CHN, Inc. v. Mitel, Inc.*, 666 So.2d 1155, 1156 (La. Ct. App. 1995) (finding that service was perfected under the Long-Arm Statute one week before an affidavit attesting to service was filed); *Bickford v. Lutz*, 339 So.2d 1268, 1270-71 (La. Ct. App. 1976) (analyzing whether service on defendant had been perfected under section 13:3204, and then separately analyzing whether a default judgment entered against defendant was valid under section 13:3205).

Section 13:3205 provides only that a preliminary default judgment may not be entered until thirty days after an affidavit of service is filed. *Corte v. Cash Techs.*, 843 So.2d 1162, 1165-

66 (La. Ct. App. 2003). Essentially, that section concerns the required method of proof of service for purposes of enforcing a default judgment. Whether a defendant was served and whether the plaintiff *proved* the defendant was served are distinct issues. Section 13:3204 addresses the former, and section 13:3205 the latter.

Other courts in this district have reached the same conclusion, holding that, for purposes of removal deadlines, service of process under the Louisiana Long-Arm Statute is complete when the defendant is actually served under section 13:3204, not when the affidavit of service is filed in the state court record. *See, e.g.*, *Kroger Co. v. Door Control Servs., Inc.*, No. 12-CV-0956, 2012 WL 4891560, at *5 (W.D. La. Oct. 15, 2012) ("In order for service to be perfected, plaintiff need only comply with 13:3204. Section 3205 is triggered if and when plaintiff attempts to obtain a default judgment, have a hearing on a contradictory motion, rule to show cause, or other summary proceeding."); *see also Richoux v. CSR Ltd.*, No. 08-931, 2008 WL 576242, at *5 (E.D. La. Feb. 29, 2008) (expressing doubt that § 13:3205 "sets forth the requirements for the proof of proper service in contexts, such as [removal deadlines], that are not enumerated in its language"). Thus, if a defendant fails to consent to removal within thirty days after it actually receives service, the notice of removal is defective. *See, e.g.*, *Ramsay v. Rusnak*, No. 12-614, 2013 WL 4039405, at *8 (M.D. La. Aug. 7,

11

2013) ("[T]he rule of unanimity requires the co-defendants to either join in the notice of removal or consent to the removal within the applicable time period following actual service, not filing of proof of service in state record."); *Kroger Co.*, 2012 WL 4891560, at *5; *Babin v. Isaman*, No. 09-408-C, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009).

This is the better interpretation of the Louisiana Long-Arm Statute. It respects both the statutory language, *see, e.g.*, *Kroger Co.*, 2012 WL 4891560, at *5, and the Fifth Circuit's admonition that "any doubt as to the propriety of removal should be resolved in favor of remand," *Gutierrez*, 543 F.3d at 251.

Because Malloy undisputedly received the citation and petition for damages on August 12, 2013, the Court finds that service was properly effected on Malloy on that date.

**B.   Chevron's Notice of Removal Is Defective.**

As noted above, 28 U.S.C. § 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action" within thirty days after the last defendant is served. It is undisputed that Malloy did not file a written indication consenting to removal within thirty days after it was served. This renders Chevron's Notice of Removal defective. *Getty Oil*, 841 F.2d at 1262.

Chevron now contends that Malloy's consent was unnecessary because Malloy was improperly joined. The doctrine of improper

12

joinder is not strictly applicable to this case. That doctrine is implicated when a plaintiff improperly joins an in-state party in an effort to defeat diversity jurisdiction. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) ("A claim of improper joinder by definition is directed toward the joinder of the in-state party . . . ."). Malloy is not an in-state defendant, and accordingly its joinder in this lawsuit could not affect diversity jurisdiction.

But the "nominal party" doctrine, to which Chevron briefly alludes in its opposition to the motion to remand, is potentially applicable here. The rule that "nominal" or "formal" parties need not consent to a notice of removal is not limited to cases where the allegedly nominal party's presence defeats diversity jurisdiction. *See Farias v. Bexar Cty. Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991) (nominal parties need not join in notice of removal even if removal is based on federal question jurisdiction rather than diversity jurisdiction).

On these facts, however, the Court need not determine whether Malloy is a nominal party. Even if it were, the Court would still find Chevron's Notice of Removal defective, because Chevron failed to explain its failure to obtain Malloy's consent.

According to 28 U.S.C. § 1446(a), a notice of removal must "contain[] a short and plain statement of the grounds for removal." Pursuant to this provision, if a removing defendant fails to obtain the consent to remove of any codefendants, the

notice of removal must "affirmatively explain" why consent of those defendants was unnecessary. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1267 (D. Or. 2001) (collecting cases); 14C Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3733 (4th ed. 2013) ("[I]f unserved defendants have not joined the notice of removal, the removing defendants should explain their absence from that paper, in the removal notice."); *see also Courtney v. Benedetto*, 627 F. Supp. 523, 526 (M.D. La. 1986).[17] Otherwise, the notice of removal is deemed defective. *Courtney*, 627 F. Supp. at 526; *see also Riggs*, 233 F. Supp. 2d at 1267-68; *Mayers v. Connell*, 651 F. Supp. 273, 274 (M.D. La. 1986); *Romashko v. Avco Corp.*, 553 F. Supp. 391, 392 (N.D. Ill. 1983) ("It is defendant's burden . . . to explain affirmatively the absence of codefendants in the petition for removal, and failure to set out such an explanation renders the removal petition defective."). Here, Chevron offered no explanation for its failure to obtain Malloy's consent.

---

[17] *Courtney* was interpreting an older version of § 1446(a), which required "a short and plain statement of the facts which entitle [the defendant(s)] to removal." The statute was revised in 1988 to require that the grounds for removal be stated in a "short and plain statement," but the revision was not intended to effect any substantive change. Wright et al., *supra*, § 3733 (noting that the notice of removal still "must make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists"); Moore, *supra*, § 107.30[2][a][I] (citing H.R. Rep. No. 100-889, at 71 (1988)). Thus, *Courtney*'s analysis is still apposite.

14

**C. Chevron's Motion to Amend the Notice of Removal Is Untimely.**

Now, well over thirty days after Malloy (the last-served defendant) was served, Chevron moves to amend its Notice of Removal to add an allegation that Malloy's consent to remove was unnecessary because Malloy was improperly joined.

"A removal petition may be amended freely within the thirty day period set forth in 1446(b)." *Aucoin*, 2004 WL 1196980, at *2 (quoting *Courtney*, 627 F. Supp. at 527); Wright, *et al.*, *supra*, § 3733. But the only avenue for amendment after the thirty-day period has run is 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653, "by its terms, may only be utilized to cure defective allegations of jurisdiction." *Aucoin*, 2004 WL 1196980, at *2; Wright, *et al.*, *supra*, § 3733 (section 1653 may be used only to "set out more specifically" a jurisdictional basis for removal "that already ha[s] been stated, albeit imperfectly, in the original notice"). Section 1653 may not be used to cure procedural defects of the removal, such as the failure to obtain the consent of a co-defendant or the failure to explain why such consent was unnecessary. *Garner v. Hyken*, No. 10-4135, 2011 WL 1002098, at *3 (E.D. La. Mar. 18, 2011) (allowing defendant to use section 1653 to amend a notice of removal to remedy a failure to obtain co-defendant's consent "would undermine the Fifth Circuit's clear rule . . . that all properly joined and served defendants must

15

consent to removal within thirty days of service"); *Aucoin*, 2004 WL 1196980, at *2 (failure to obtain co-defendant's consent is a "substantial defect in removal proceedings" that cannot be cured through section 1653); *Courtney*, 627 F. Supp. at 527 (supplemental notice of removal filed after the thirty-day time limit could not cure an initial notice of removal that was defective due to a failure to state the reason that not all defendants had consented to removal); *Mayers*, 651 F. Supp. at 274-75 (citing *Courtney* for this proposition). Accordingly, Chevron may not amend its Notice of Removal to explain its failure to obtain Malloy's consent.

**D.   This Case Does Not Present "Exceptional Circumstances."**

In *Getty Oil*, the Fifth Circuit noted that "exceptional circumstances" might warrant a departure from the rigid rule that all of the defendants must consent to removal in writing within the thirty-day period set forth in section 1446(b). 841 F.2d at 1263 n.12. The Fifth Circuit later explained that, in most cases in which an exception is appropriate, a defendant's lack of consent to removal stems from dilatory tactics on the part of the plaintiff. *See Ortiz*, 431 F. App'x at 307 ("[T]hose instances where this court has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff[s'] conduct, and not untimely consent to removal by a defendant."). For example, in *Gillis v.*

16

*Louisiana*, 294 F.3d 755 (5th Cir. 2002), the nonremoving defendant failed to timely file written consent into the record because consent could be authorized only at a board meeting. *Id.* at 758-59. A board meeting could not be scheduled within the thirty-day removal period because the Board's chairman, who was also a plaintiff in the matter, had interposed scheduling conflicts. *Id.* In permitting defendants to remove, the court nevertheless reaffirmed the standard for filing written consent into the record set forth in *Getty Oil*. *Id.*

*Gillis* demonstrates that circumstances must be truly exceptional for a court to excuse non-compliance with the thirty-day limit. The few district courts that have found exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings. *Turner v. Mine Safety Appliances Co.*, No. 01-0325, 2001 WL 456351, at *3 (E.D. La. Apr. 27, 2001) (finding no exceptional circumstances because there was no evidence of forum manipulation or bad faith); *Prescott v. Mem'l Med. Center-Livingston*, No. 9:00CV-0025, 2000 WL 532035, at *5 n.8 (E.D. Tex. Mar. 25, 2000) (collecting cases).

Defendants complain that, at the time of removal, the state court record indicated that no service had been made on Laurent or Malloy. Defendants attribute this, in part, to plaintiffs' failure to file an affidavit of service on Malloy in the state court record. Defendants request that this Court implement a

17

"bright line" rule that a removing defendant need not obtain the consent of a co-defendant with respect to whom evidence of service has not been filed in the state court record. But that is not the law in the Fifth Circuit; the existence of such evidence in the record is merely one factor courts consider in determining if exceptional circumstances are present. *See, e.g.*, *Garner*, 2011 WL 1002098, at *2 (collecting cases); *Bilyeu v. Johanson Berenson,, L.L.P.*, No. 1:08-cv-02006, 2010 WL 1189822, at *1 (W.D. La. Mar. 26, 2010). And this Court has previously concluded, based on an extensive survey of district court opinions, that exceptional circumstances are generally not found if the removing defendant merely checked the state court record and made no effort to contact other defendants to ascertain whether they had been served. *See Garner*, 2011 WL 1002098, at *2.

Chevron clearly was aware that Malloy had been sued, since it mentioned Malloy in the Notice of Removal. And Chevron had roughly three weeks after filing the Notice of Removal to contact Malloy, verify that it had been served, obtain its consent to remove, and then amend or supplement the Notice of Removal accordingly. Chevron failed to do so. Moreover, the Court notes that, during the period immediately following removal, Malloy was represented by the same counsel as Goodrich, which had joined in Chevron's Notice of Removal.[18] Those counsel should have made

---

[18] *Compare* R. Doc. 31 *with* R. Doc. 32.

sure that Malloy consented to Chevron's removal as well. *See id.* (exceptional circumstances generally not present when co-defendants are represented by the same counsel). Finally, there is no evidence in the record that plaintiffs acted in bad faith or otherwise impeded Chevron from obtaining Malloy's consent. Accordingly, the Court finds that there are no exceptional circumstances in this case that warrant a departure from the Fifth Circuit's typical rule.

## IV. CONCLUSION

In resolving the issues presented by this motion, the Court has been guided by the Fifth Circuit's admonition that "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez*, 543 F.3d at 251. For the reasons stated above, the Court GRANTS plaintiffs' motion to remand and DENIES Chevron's motion to amend the Notice of Removal.

New Orleans, Louisiana, this 6th day of January, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE